S. LANE TUCKER
United States Attorney

THOMAS C. BRADLEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: Thomas.bradley@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM BRIAN MARSAN,<br><br>Defendant. | No. 3:24-cr-00071-SLG-MMS |

**MEMORANDUM OF THE UNITED STATES ON
REPRESENTATION AND PRETRIAL RELEASE**

Comes Now Plaintiff the United States of America, by and through undersigned counsel, in advance of the initial appearance in this case, to brief the Court on issues that may be presented at the hearing. In statements to and correspondence with the United States, Defendant WILLIAM BRIAN MARSAN has indicated that he will seek to represent himself in this case, and that he may assert various frivolous arguments about the jurisdiction of this Court.

## SELF REPRESENTATION

Defendant has indicated that he will seek to represent himself in this case. The Supreme Court recognized a right of self-representation implied by the Sixth Amendment right to counsel in *Faretta v. California*, 422 U.S. 806, 820 (1975). Because the "dangers and disadvantages of self-representation during trial are so substantial," a court must make a "searching or formal inquiry" before permitting a waiver of the right to counsel. *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (en banc) (citation omitted). The object of the inquiry is to establish that the defendant "knowingly, intelligently, and voluntarily" waived the right and "his choice is made with eyes open." *Fowler v. Collins*, 253 F.3d 244, 249 (6th Cir. 2001) (quoting *Faretta*, 422 U.S. at 835.)

The Court must warn the defendant about the many dangers of self-representation. These should include:

1. The defendant's familiarity with the Federal Rules of Evidence. The defendant should be advised that the Federal Rules of Evidence will govern what evidence may or may not be introduced at trial and that the defendant must abide by those rules in representing himself.

2. The defendant's familiarity with the Federal Rules of Criminal Procedure. The defendant should be advised that these rules govern the way in which a criminal action is tried in federal court.

3. The defendant should be vigorously warned about the dangers of self-representation including limited access to investigators, law books, and other legal resources.

4. The defendant should be advised that he must meet the standards of a practicing attorney in dealing with courtroom procedures and in conducting himself in the courtroom.

5. The defendant should be advised that he would be required to prepare jury instructions and he should be warned of the complicated nature of those instructions in a conspiracy, fraud, and money laundering case.

6. The Court should fully advise the defendant of the benefits of being represented by an attorney.

7. The Court should also question the defendant's ability to act as his own attorney.

See *United States v. Hayes*, 231 F.3d 1132, 1138 (9th Cir. 2000) for sample language. See also *Bench Book for United States District Judges* at § 1.02(c) for sample colloquy.

The Court may (and should) appoint standby counsel. Stand-by counsel may participate in the trial "to steer a defendant through the basic procedures of trial." *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984).

## JURISDICTION OF THE COURT

In pre-indictment correspondence, Defendant has indicated that he may rely on discredited, frivolous arguments that have been rejected by the courts for decades. These include:

1. His name is spelled in capital letters; therefore, he is not the person named in the Indictment. See *United States v. Washington*, 947 F. Supp. 87, 92 (S.D.N.Y. 1996) (rejecting defendant's "baseless" contention that the indictment must be dismissed

because his name, spelled in capital letters, "is a fictitious name used by the government to tax him improperly as a business").

2. He is not subject to federal law or jurisdiction because he is not a "Citizen of the United States" but rather an "American State National." This argument has been consistently rejected by the courts. See *United States v. Cooper*, 170 F.3d 691, 691(7th Cir. 1999) ("These arguments, frivolous when first made, have been rejected in countless cases. They are no longer merely frivolous; they are frivolous squared"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting "shop worn" argument that defendant is a citizen of the "Indiana State Republic" and therefore "an alien beyond the jurisdictional reach of the federal courts"); *United States v. Silevan*, 985 F.2d 962, 970 (8th Cir. 1993) (rejected as "plainly frivolous" defendant's argument that he was not a "federal citizen"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejected as "imaginative" argument that defendant could not be punished under the tax laws of the United States because he was a citizen of the "Republic" of Idaho, claiming "asylum" in the "Republic" of Colorado).

## POSITION ON RELEASE

The United States is not asking for pretrial detention in this case but is asking the Court to impose conditions of release. These should include the specific order that defendant is not to operate any aircraft unless he is licensed to do so by the Federal Aviation Administration (FAA), and likewise that he is not to operate any aircraft unless it is registered with the FAA. Defendant's pilot's license (airman certificate) was

revoked by the FAA in January 2024, see Indictment at paragraph 10.  Defendant must also refrain for contacting or corresponding with potential witnesses in this case.  Other conditions may be proposed by United States Probation and Pretrial Services.

RESPECTFULLY SUBMITTED July 22, 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ Thoms C. Bradley
THOMAS C. BRADLEY
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

s/ Thomas C. Bradley